IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOIS STEVENSON | § | |
| v. | § | CIVIL ACTION NO. 6:10cv2 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Lois Stevenson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Stevenson was convicted of the disciplinary offense of use of marijuana, for which he received 45 days of cell and commissary restrictions, reduction in classification status, and the loss of 100 days of good time credits. He asserted that there was no evidence to support the charges because he had been prescribed Naproxen, which can cause a false positive, the sample he gave was never submitted to an independent laboratory for confirmation, and there was no showing of the chain of custody for this sample. The Respondent was ordered to answer the petition and did so. In his answer, the Respondent said that there was sufficient evidence to support the finding of guilt and that Stevenson's claims regarding the chain of custody and the failure to submit the sample to an independent laboratory were procedurally defaulted because these claims were not raised in his grievances. Stevenson did not file a response to the answer.

After review of the pleadings and the state records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that there was "some evidence" to support the finding of guilt in that Stevenson had been tested for marijuana twice with positive results, A statement in the record from a nurse says that Naproxen will not cause a false positive test result, and the TDCJ policy regarding drug tests lists medications known to cause false positive results, and Naproxen is not listed as causing such a reaction. Furthermore, the Magistrate Judge stated that Stevenson's claims regarding the failure to send the sample to an independent laboratory and the chain of custody for the sample were procedurally defaulted. The Magistrate Judge therefore recommended that Stevenson's petition be dismissed and that a certificate of appealability be denied *sua sponte*.

Stevenson did not file objections to the Report of the Magistrate Judge; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Lois Stevenson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 16th day of August, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE