IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LOIS STEVENSON | § | |
| v. | § | CIVIL ACTION NO. 6:10cv2 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Lois Stevenson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Stevenson was convicted of the disciplinary offense of use of marijuana, for which he received 45 days of cell and commissary restrictions, reduction in classification status, and the loss of 100 days of good time credits. He asserted that there was no evidence to support the charges because he had been prescribed naproxen, which he says can cause a false positive, the sample he gave was never submitted to an independent laboratory for confirmation, and there was no showing of the chain of custody for this sample. The Respondent was ordered to answer the petition and did so. In his answer, the Respondent said that there was sufficient evidence to support the finding of guilt and that Stevenson's claims regarding the chain of custody and the failure to submit the sample to an independent laboratory were procedurally defaulted because these claims were not raised in his grievances. Stevenson did not initially file a response to the answer.

After review of the pleadings and the state records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that there was "some evidence" to support the finding of guilt in that Stevenson had been tested for marijuana twice with positive results. A statement in the record from a nurse says that Naproxen will not cause a false positive test result, and the TDCJ policy regarding drug tests lists medications known to cause false positive results, and Naproxen is not listed as causing such a reaction. Furthermore, the Magistrate Judge stated that Stevenson's claims regarding the failure to send the sample to an independent laboratory and the chain of custody for the sample were procedurally defaulted. The Magistrate Judge therefore recommended that Stevenson's petition be dismissed and that a certificate of appealability be denied *sua sponte*.

The case was dismissed on August 16, 2010, but was reopened upon discovery that Stevenson had not received copies of orders entered by the Court or the Report of the Magistrate Judge recommending dismissal. After reopening, Stevenson filed a response to the answer combined with objections to the Magistrate Judge's Report

In his objections and response to the answer, Stevenson says that he was denied due process because: (1) prison officials violated a Texas health policy; (2) the prison officials violated the chain of custody; (3) the prison officials did not acquire "a Toxicology and a Technician who tested the specimen"; (4) there was an "illegal hearing with no evidence," and (5) the evidence introduced violated his right to due process by "punishing petitioner's liberty interest protected by the constitution to his mandatory supervision date expectancy."

Stevenson argues that he did exhaust his claim regarding the chain of custody in his Step One and Step Two grievances, and so the claim should not be procedurally defaulted. However, a review of Stevenson's grievances reveals nothing which can be construed as complaining of the chain of custody. Instead, his grievances focus on his contention that Naproxen can cause a false positive. His objection on this point is without merit.

Stevenson also complains about a violation of "Texas Health Policy I-68-4," in that TDCJ drug testing policies and procedures were not properly followed. However, violations of state law alone do not provide grounds for relief in federal court. The proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated; federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986). Thus, in order to prevail, Stevenson must show a denial of his federal constitutional rights, the bare allegation that the violation of TDCJ policies and procedures violated his federal right to due process is not sufficient.

The Supreme Court has held that notice of charges and an opportunity to be heard are the touchstones of due process in the context of prison disciplinary matters. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). More specifically, the Fifth Circuit has stated that the federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. Stewart v. Thigpen, 730 F.2d 1002 (5th Cir. 1984). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached. Smith v. Rabelais, 659 F.2d 539 (5th Cir. 1981); *see also* Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.") An officer's report, by itself, is sufficient to support a finding of guilt. Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001). The district court, in reviewing this issue, need not conduct a *de novo* factual review. Smith, 659 F.2d at 545.

In the context of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making. McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

In this case, Stevenson has not shown arbitrary or capricious action, nor that there was no evidence to support the finding of guilt. The fact that Stevenson's sample was not sent to an independent lab for verification is not a due process violation; the Fifth Circuit has stated that prisoners have no right to have urine samples independently retested for drug usage. Henson v. U.S.

Bureau of Prisons, 213 F.3d 897, 899 (5th Cir. 2000). In addition, as the Fifth Circuit explained, even if a retest of the sample proved negative, there would still be "some evidence" to support the finding of guilt in the form of the initial test. Similarly, in the present case, Stevenson has no constitutional right to have his urine sample retested by an independent laboratory, and the positive result is "some evidence" of guilt even if such a retest proved negative. Stevenson's objection on this point is without merit.

Similarly, there is no constitutional right to have urine samples tested by "licensed toxicologists." *See, e.g.*, Harrison v. Dahm, 911 F.2d 37, 41 (8th Cir. 1990) (single uncorroborated drug test is "some evidence" sufficient to uphold finding of guilt); Cardona v. Dretke, civil action no. 2:05cv225, 2006 WL 2707403 (N.D.Tex., September 19, 2006) (rejecting claim of constitutional violation when TDCJ failed to follow drug test manufacturer's instructions to the effect that the test provided only a preliminary result and further testing was necessary).

As the Respondent points out, the policy which Stevenson cites calls for outside testing if health services personnel document that prescribed medication may interfere with an accurate test result. In this case, naproxen is not listed by the drug test manufacturer as possibly causing a false positive, and the TDCJ medical staff confirmed that naproxen would not cause a false positive. Thus, under the policy, there was no reason to submit Stevenson's sample for additional testing. Although Stevenson argues that he has evidence showing that naproxen can in fact cause a false positive, the TDCJ officials, including the disciplinary hearing officer, are not required to believe Stevenson's evidence over the statements of the TDCJ medical personnel and the manufacturer of the test. Even if the disciplinary hearing officer erred by not believing Stevenson's evidence, the fact remains that there is "some evidence" to support the finding of guilt, and Stevenson has not been denied any process he was due under Wolff. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo*

review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Lois Stevenson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 16th day of November, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE